IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MONIQUE BROSCIOUS, Individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO.: |
| K & C ENTERPRISE GROUP LLC d/b/a 656 SPORTS BAR and KINA JACKSON | ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Monique Broscious, and files this complaint against Defendants K & C Enterprise Group LLC d/b/a 656 Sports Bar ("hereinafter K & C") and Kina Jackson (hereinafter "Jackson") and shows the following:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action also seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated minimum wages and overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as

1

amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## **JURISDICTION AND VENUE**

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

4.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiff's former work location: 656 Pryor Street, Atlanta, Georgia 30312. In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## **PARTIES**

5.

Plaintiff is a citizen of the State of Georgia, and is subject to the jurisdiction of this Court.

6.

Defendant K & C is a registered Georgia corporation.

7.

Defendant K & C may be served with process by delivering a copy of the

summons and complaint to its registered agent, C. McBride, 656 Pryor Street, Atlanta, Georgia, 30312.

8.

Defendant Jackson may be served with process by delivering a copy of the summons and complaint to her work address, 656 Pryor Street, Atlanta, Georgia, 30312.

**FACTUAL ALLEGATIONS**

9.

656 Sports Bar is a restaurant and bar located at 656 Pryor Street, Atlanta, Georgia, 30312 and owned by Defendants.

10.

Plaintiff and others similarly situated (the "FLSA Collective") are individuals who were employed as bartenders and servers at 656 Sports Bar during the three years prior to the filing of this lawsuit.

11.

Plaintiff, worked as a bartender for Defendants between May 2015 and February 2017.

12.

Plaintiff's employment was within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

13.

At all times for three years prior to the filing of the instant complaint, Defendants have employed bartenders and servers.

14.

At all times for the three years prior to the filing of the instant complaint, Defendants have categorized all bartenders and servers working at 656 Sports Bar as "independent contractors."

15.

At all times for the three years prior to the filing of the instant complaint, Defendants have not required bartenders or servers to have any specialized training or background. Defendants have, however, required bartenders and servers to work at specified times; required bartenders and servers to use the restaurant's equipment and serve the restaurant's customers. Plaintiff was subject to the policies of Defendants outlined in this paragraph.

16.

Plaintiff worked over forty hours in some weeks she worked for Defendants.

17.

Defendants never paid Plaintiff any amount as wages. Instead, Plaintiff's sole source of work related income was gratuities she received from customers.

18.

Because Defendants did not pay Plaintiff any wages, Defendants did not pay Plaintiff one-and-a-half times her regular rate of pay when Plaintiff worked over forty hours in a given workweek.

19.

Defendants knew, or showed reckless disregard for the fact that they misclassified Plaintiff as an independent contractor, and accordingly failed to pay her the minimum wage and failed to pay overtime at the required rate under the Fair Labor Standards Act.

20.

Generally, tipped employees are paid an hourly rate of $2.13 per hour plus tips and 1.5 times the hourly rate for overtime hours. However, "where an employee receives tips only and is paid no cash wage, the full minimum wage is owed." *See* https://www.dol.gov/whd/regs/compliance/whdfs15.htm.

21.

Plaintiff's schedule at 656 Sports Bar was generally as follows: Monday 11:30am-1:00am, Tuesday 11:30am-7:30pm, Friday 6pm-4:30am, Saturday 6pm-4:30am, and Sunday 11:30am-6:30pm. During football season, she worked later on Sundays, until 1:00am. Her hours were approximately 49.5 per week between February and July and 56 hours per week between August and January (football

season).

22.

Defendant Kina Jackson is the owner of K & C Enterprise Group LLC d/b/a 656 Sports Bar.

23.

Defendant Jackson had discretion over Plaintiff's working hours, employment status, and overtime compensation.

24.

Defendant Jackson acts both directly and indirectly in the interest of K & C Enterprise Group LLC d/b/a 656 Sports Bar and was in a supervisory position over Plaintiff.

25.

K & C Enterprise Group LLC d/b/a 656 Sports Bar is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

26.

Defendant Jackson is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

27.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

28.

At all relevant times, Defendant K & C has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, et. seq.

29.

At all times relevant, Defendant K & C has employed and continues to employ, employees, including Plaintiffs, who engage or engaged in commerce or in the production of goods for commerce.

30.

At all times relevant, upon information and belief, Defendant K & C has had an annual gross volume of sales made or business done in excess of $500,000.00.

31.

The minimum wage and overtime provisions of the FLSA, 29 U.S.C. § 201, et. seq., apply to Defendants and protect Plaintiff.

33.

Plaintiff has consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

34.

Plaintiff and the FLSA Collective she seeks to represent allege

violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendants during the past three years, who have not been compensated at least minimum wage for all hours worked and/or one and one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

## CAUSES OF ACTION

### I. Violation of the Minimum Wage Requirement of the Fair Labor Standards Act.

35.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 6, 29 U.S.C. § 206, by failing to pay minimum wage for time that Plaintiff worked.

36.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

37.

Plaintiff estimates that she is owed the following amount in unpaid minimum wage: 88 weeks x 40 hours x $7.25 = $25,520.00.

38.

Plaintiff estimates that she is entitled to recover $25,520.00 in unpaid

minimum wages plus an equal amount in liquidated damages for a total of $51,040.00.

## II. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

39.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

40.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

41.

Plaintiff estimates that she is owed the following overtime wages: 50 weeks (football seasons in 2015 and 2016) x 16 hours x $7.25 x 1.5 = $8,700.00 and 38 weeks x 9.5 hours x $7.25 x 1.5 = $3,925.88.

42.

Plaintiff estimates that she is entitled to recover $12,625.88 in unpaid overtime wages plus an equal amount in liquidated damages for a total of $25,251.76.

## Prayer for Relief

**WHEREFORE**, Plaintiff and the FLSA Collective respectfully request that this Court:

(A)  Grant Plaintiff and the FLSA Collective a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff and the FLSA Collective unpaid minimum wages and overtime wages pursuant to the FLSA §§ 6, 7; 29 U.S.C. §§ 206, 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C)  Grant declaratory judgment declaring that Plaintiff's rights and the rights of the FLSA Collective have been violated; and

(D)  Award Plaintiff and the FLSA Collective such further and additional relief as may be just and appropriate.

Respectfully submitted, this 20th day of April, 2017.

                                        **THE SHARMAN LAW FIRM LLC**

                                        */s/ Paul J. Sharman*
                                        PAUL J. SHARMAN
                                        Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiff